By the Court.
 

 The plaintiff in error, Norman G. Kendall, was. convicted in the municipal court of Cleveland, Ohio, for the violation of Section 12968, General Code, and that conviction was affirmed by the Court of Appeals of Cuyahoga county. Error was prosecuted to this court.
 

 The pertinent provisions of Section 12968, General Code, are as follows:
 

 “Whoever * * * employs * * * exhibits * * * lets out * * * a child, under the age of fourteen years for or in the vocation * * * or purpose of singing # * * or appearing in connection with a moving picture exhibition or performance given in a theatre or place of public amusement, * * * or has such child in custody for any of such purposes, shall be fined,” etc.
 

 
 *112
 
 Section 12969, General Code, provides:
 

 “Section 12968 of the General Oode shall not apply to or affect the taking part without remuneration of such child with the consent of its parents or guardian in a church, or any school or academy, or at a concert or entertainment given for charitable purposes, or by a church or any school, academy, charitable, eleemosynary or religious institution.”
 

 The clear purpose of the provisions, of the statute was the protection of childhood and society generally. They are part of the Juvenile Act. Knowledge of the fact that the child employed is within the prohibited age is not made an ingredient of the offense, and hence was not charged in the affidavit. If, in every instance of prosecution for the violation of such statutes, proof of such knowledge should be required, or if the absence of such knowledge would be a complete defense, each ease would result in a trial upon the immaterial issue as to the knowledge of the employer, in most cases insusceptible of proof. Not only the decision but the reasoning of the court in
 
 State
 
 v.
 
 Kelly,
 
 54 Ohio St., 166, 43 N. E., 163, is applicable.
 

 The rights of the defendant to due process of law and equal protection of the laws were not denied or abridged by the enforcement of this statute. It was within the power of the Legislature to prohibit the participation of a child, under a designated age, in the acts described, in a theater or place of public amusement, though permitting participation-in the same acts in a school, church, or similar entertainment, referred to in Section
 
 *113
 
 12969, General Code. The classification is clearly reasonable and evidences no discrimination.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kjnkade and Robinson, JJ., concur.